Case 4:23-cv-01561   Document 92   Filed on 07/08/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA WORD,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:23-CV-1561 |
| SCHWAN'S COMPANY, et al.,<br>*Defendant.* | §<br>§<br>§<br>§ | |

## ORDER

Before the Court are several motions filed by Defendant: (1) Motion for Leave to Designate Ecolab, Inc. as a Responsible Third Party, (Doc. No. 34); (2) Motion for Leave to Designate Ecolab, Inc. and Indiana Safety & Supply Co. as Responsible Third Parties, (Doc. No. 71); and (3) Motion for Leave to File a Third-Party Petition Against Ecolab, Inc. and Indiana Safety & Supply Co. (Doc. No. 74).

Defendants seek leave to designate responsible third parties under the Texas proportionate responsibility scheme contained in Chapter 33 of the Texas Civil Practices and Remedies Code. With certain express exceptions not relevant here, Chapter 33 applies to all common law torts and to statutory torts that do not include a separate and conflicting legislative fault-allocation scheme. TEX. CIV. PRAC. & REM. CODE § 33.002; *JCW Electronics, Inc. v. Garza,* 257 S.W.3d 701, 704–06 (Tex. 2008); *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 980 (S.D. Tex. 2013). Responsible third parties are not limited to those who can be joined as parties to the litigation. Responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued by the plaintiff, or even unknown. *See PEMEX*, 923 F. Supp. 2d at 980.

The Court finds that Defendant has alleged sufficient facts concerning the alleged responsibility of both EcoLab, Inc. and Indiana Safety & Supply Co. Thus, Defendants' Motion to

Designate EcoLab, Inc. and Indiana Safety & Supply Co. as Responsible Third Parties is **GRANTED**. (Doc. No. 71). As such, Defendants' other motion to designate a responsible third party is **DENIED** as moot. (Doc. Nos. 34).

Defendant has also filed a Motion to File a Third-Party Petition Against EcoLab, Inc. and Indiana Safety & Supply Co. (Doc. No. 74). Defendant moves for a "Third-Party Petition" under Texas Rule of Civil Procedure 38(a). (Doc. No. 74 at 3). Since this case is now in Federal court, however, the Texas Rules of Civil Procedure do not apply. *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019), as revised (Aug. 29, 2019) ("The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases like this one, but state procedural law yields to the applicable Federal Rules."). In this case, the appropriate mechanism would be impleader pursuant to Federal Rule of Civil Procedure 14. *See* FED. R. CIV. PRO. 14. As Defendant's motion does not mention Rule 14 or the requirements for impleader in Federal court, the Court **DENIES** this motion without prejudice to be refiled if appropriate under the governing Federal rules. (Doc. No. 74).

Defendants' Motion to Designate Ecolab, Inc. and Indiana Safety & Supply Co as Responsible Third Parties is **GRANTED**. (Doc. No. 71). Defendants' prior motion to designate is **DENIED** as moot, (Doc. No. 34), and Defendants' Motion to File a Third-Party Petition is **DENIED** without prejudice. (Doc. No. 74).

Signed this 8th day of July, 2025.

Andrew S. Hanen
United States District Judge